IN THE UNITED STATES DISTRICT COURT FOR THE RECEIVED
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2022 FEB -7  A II: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JEFFREY FOX, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 3:22-cv-68-RAH-KFP |
| | ) |
| v. | ) JURY TRIAL REQUESTED |
| | ) |
| TUSKEGEE UNIVERSITY, | ) |
| | ) |
| Defendant. | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jeffrey Fox, who hereby asserts his Complaint against the above-named Defendant, Tuskegee University, as set forth herein-below.

### I. JURISDICTION & VENUE

1.    Plaintiff Jeffrey Fox files this Complaint, institutes these proceedings, and invokes the jurisdiction and supplemental jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 1367(a), 2201, and 2202, as an action arising under the Act of Congress known as the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay, front pay and other damages suffered by the Plaintiff, caused by the Defendant's discrimination against Plaintiff,

1

due to his age; and Defendant's retaliation against Plaintiff, due to his opposition to Defendant's wrongful age discrimination.

2.     Plaintiff Jeffrey Fox filed a charge of age discrimination and retaliation with the EEOC in Birmingham, Alabama on August 6, 2021.  Plaintiff received a right-to-sue on or about December 7, 2021, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt.  (Attached as Exhibit A).

3.     Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating actions of the Defendant occurred in Macon County, Alabama.

## II. PARTIES

4.     The named Plaintiff, Jeffrey Fox (hereinafter "Plaintiff" or "Mr. Fox"), is a citizen of the United States and a resident of Lee County, Alabama. Plaintiff is over the age of nineteen years.

5.     The Defendant, Tuskegee University, is located in Macon County, Alabama.  At all times relevant to this complaint, Plaintiff was employed by the Defendant.

## III. STATEMENT OF FACTS

6.     Plaintiff is currently 68 years old.

7.    Plaintiff obtained a bachelor's degree in Romance languages from the University of Chicago in 1979, and a PHD in French literature from the Universite de Provence.

8.    Plaintiff is a French professor.  In 1994, Plaintiff **received tenure** at the College of DuPage, in Illinois where he also became a full professor in 2002, and was awarded *Emeritus* status in 2010.

9.    In 2018, Plaintiff applied for, and received, the position of French professor at Tuskegee University.

10.    In late July 2018, Tuskegee University notified Plaintiff he had been hired for the position of French professor, and Plaintiff began teaching French 101 and French 102, as well as French 201 and 202 in August 2018.

11.    In September 2018, Tuskegee University awarded Plaintiff a contract to serve as Tuskegee University's French professor and to teach all those French classes, with an oral understanding he would be asked to teach English classes, as he had done previously.

12.    Later that year, in December 2018 during a Christmas event, Dr. Channapatna Prakash, the Dean of the College of Arts and Sciences, shook hands with Plaintiff and represented to Plaintiff he would work as Tuskegee University's French professor for an additional 20 years.  Plaintiff relied upon that reassurance.

13.    In August 2019, Tuskegee University again asked Plaintiff to sign a contract and to serve as Tuskegee University's French professor in 2019. Once again, Plaintiff relied upon this reassurance, which Plaintiff submits was a legal ruse.

14.    One year later, in August 2020, despite the issues detailed in number 17., below, Tuskegee University asked Plaintiff to sign another contract and to serve as Tuskegee University's French professor in 2020. Plaintiff again relied upon this reassurance, and signed the contract. Plaintiff again submits that this was a gal ruse.

15.    In addition, again, despite the issues detailed in number 17., below, during each summer of 2019 and 2020, Tuskegee University asked Plaintiff to serve as Tuskegee University's French professor to teach French classes during each summer. This too, was an encouragement because a summer teaching job was discretionary, and again was a legal ruse. Plaintiff taught 2 classes and was opnly paid for one. Then, next summer plaintiff was assigned for 2 classes and not paid.

16. Furthermore, no person at Tuskegee University formally evaluated Plaintiff regarding his performance as the University's French professor, leaving Plaintiff with the assumption that it was at least satisfactory.

4

17.    **In fact**, on March 4th, 2019, in an email, and then in the Dean's office, on March 11th, Plaintiff was informed his contract would not be renewed. The Dean and Department Chair made ageist comments (see below) for the next few days. So, on March 14th, 2019, in the 3 pm hour, Plaintiff complained orally and submitted a written complaint with Tuskegee University Human Resources alleging age discrimination.

18    Thereafter, following up on Plaintiff's written complaint in early June 2019, Plaintiff contacted the Tuskegee University Human Resources Department to address his claim of age discrimination and to reconfirm status as the University's French Professor.

19.    At that time, in June 2019, Ms. Charley of the University's HR office advised Plaintiff, "this may be ageism; you need to contact the Tuskegee University provost directly."

20.    Also, in June 2019, the University's Department Chair, Dr. Adaku T. Ankumah, confronted the Plaintiff and again made ageist comments, asking him, **"What are you going to look like in 20 years?"** Plaintiff felt embarrassed.

21.    At that same time, once again, as in March, the University's Department Chair, Dr. Adaku T. Ankumah, informed Plaintiff that Dr. Prakash and the University "wanted to go in another direction," suggesting that his job was no longer protected.

5

22. In response, Plaintiff again went to the University's HR office and advised Ms. Charley about how Dr. Channapatna Prakash, the Dean of the College of Arts and Sciences, and Dr. Adaku T. Ankumah, the University's Department Chair, were reiterating the Plaintiff's age and their intention to "go in another direction." This time Plaintiff met with the Provost in early July, repreating the ageist remarks.

23. Moreover, in September 2019, when Plaintiff signed his contract that month with the University, again agreeing to serve as the University's French professor, Dr. Prakash blatantly spoke the words that Plaintiff was "too old for the job," and questioned Plaintiff: "Are you sure you want to sign this? Don't you want to retire?"

24. Despite these age-related challenges, Plaintiff continued to serve as Tuskegee University's French professor, and, by 2021, Plaintiff had served the University's French professor for over three years, with constant retaliation for having filed the ageism complaint. Plaintiff had undergone on-line teaching train,ing and brilliantly passed the course, but was admonished constantly for pointing out how teaching online and in person at the same time was not a good pedagogical technique. He was constantly humiliated and asked to undergo remedial training, even though he was an expert in both techniques, in-person and online. The implication was Plaintiff was too old to teach.

25.     In 2021, Plaintiff approached Dr. Prakash about again teaching French during the summer of 2021, and about teaching during the next school year beginning in August 2021.

26.     In response, Dr. Prakash brazenly asserted, as he had in March, 2019: **"You are not a good fit**." (see 30., below).

27.     Also, during 2021, Tuskegee University professor Marshall Burns filed a lawsuit alleging the University's discrimination against him due to his age and national origin.

28.     In reaction to Marshall Burns' allegations, Plaintiff made several positive comments to Marshall Burns encouraging him, and also sent several emails supporting Marshall Burns.

29.     Shortly thereafter, three Tuskegee University professors, Dr. Adaku T. Ankumah, Dr. Prakash and Dr. Jimmeh, each instructed Plaintif not to comment again about Professor Marshall Burns' lawsuit, and not to speak publicly in support of Professor Marshall Burns. The Professors were curt and very briefly expressed sympathy to Plaintiff on the death of his mother. In fact, they smirked about it and were mean and insolent.

30.     On May 27, 2021, Plaintiff received a hand-delivered letter from Dr. Prakash stating the Plaintiff's position as the University's French professor would expire on May 30, 2021.

7

31.    At or about that same time, Plaintiff received an email from the Tuskegee University Human Resources Department instructing Plaintiff to take a "phishing test," even though he had already taken and passed the test. Such a test is for cybersecurity.

32.    Also, in May 2021, the Tuskegee University Human Resources Department issued a public notice claiming Plaintiff had resigned from his position as French professor, when in fact Plaintiff had done no such thing.

33.    Accordingly, on or about June 5, 2021, Plaintiff went to see Dr. Prakash to further address these notifications from the Tuskegee University Human Resources Department, and to reaffirm his employment status.

34.    Unfortunately, Dr. Prakash refused to speak with Plaintiff concerning his employment related questions, and caused the Plaintiff to be escorted away from the University by the University police.

35.    Shortly thereafter, Tuskegee University posted an open position for French professor. Although the Plaintiff applied, he received no response from anyone at the University. It was obvious to the Plaintiff that his own position as French professor had been terminated.

36.    Tuskegee University also promptly replaced Plaintiff with a less qualified adjunct professor from LaGrange College, who is also less compatible

with Tuskegee University, and with far less full-time teaching experience than the Plaintiff.

37.   With this termination, Plaintiff suffered damages in the loss of income, health insurance and other benefits, and has suffered mental anguish as a result of Tuskegee University's wrongdoing.

38.   Based on the foregoing, Plaintiff's age was the determinative factor in the University's termination of his teaching position at Tuskegee University, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. All other proffered reasons for Plaintiff's termination by Tuskegee University are pretextual, and Plaintiff's age and/or wrongful retaliation were "but for" reasons involving the termination of Plaintiff's job.

## IV.  PLAINTIFF'S CAUSES OF ACTION

### COUNT I
### AGE DISCRIMINATION, IN VIOLATION OF 29 U.S.C. § 621, et seq.

39.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 38 above, the same as if more fully set forth herein, and further avers that the Defendant has discriminated against him, due to his age, by wrongfully terminating Plaintiff's employment, and that age discrimination was a factor or the determinative factor in his termination.

40.   Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. § 621, et seq. prohibiting age discrimination in employment.

41.   Plaintiff avers that he has suffered economic damage as a proximate cause of said age discrimination, including the loss of income and benefits from his job.  Plaintiff avers that the age discrimination practiced against him was willful, thus entitling Plaintiff to double damages.

42.   Plaintiff further avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

43.   **WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a)   A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age, and

b)   A judgment reinstating Plaintiff into his position of employment;

c)   An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled; as well as damages as compensation as the Court sees fit to award.

d)      An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

e)      A doubling of damages due to the willful nature of the age discrimination and retaliation practices against Plaintiff; and

f)      Such further, other and different relief as this Court may deem appropriate and necessary.

## COUNT II

## RETALIATION IN VIOLATION OF 29 U.S.C. § 621, et seq.

44.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 43 above, the same as if more fully set forth herein, and further avers that the Defendant retaliated against Plaintiff because he has opposed the Defendant's practices made unlawful by 29 U.S.C. § 621, et seq., or because Plaintiff has made a charge, testified, assisted, or participated in an investigation, proceeding, or litigation under this chapter.

45.     In retaliation for the Plaintiff's opposition to the Defendant's wrongful age discrimination or other participation, the Defendant wrongfully terminated Plaintiff's employment, and that Plaintiff's opposition to the Defendant's wrongful age discrimination was a factor or the determinative factor in his termination.

46.    Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. § 621, et seq. prohibiting retaliation.

47.    Plaintiff avers that he has suffered economic damage as a proximate cause of said retaliation for opposing the Defendant's wrongful age discrimination. Plaintiff avers that the retaliation practiced against him was willful, thus entitling Plaintiff to double damages.

48.    Plaintiff further avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

49.    WHEREFORE, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a)    A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age, and

b)    A judgment reinstating Plaintiff into his position of employment;

c)    An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled;

d)    An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

e)   A doubling of damages due to the willful nature of the age discrimination practices against Plaintiff; and

f)   Such further, other and different relief as this Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 7th day of Febuary, 2022.

**PLAINTIFF WILL SERVE EACH DEFENDANT BY: attendance required**

1309 Gatewood Drive
Apt. 203
Auburn AL 36830
334-707-1716

13