IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFREY FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:22-CV-68-RAH-KFP |
| | ) |
| TUSKEGEE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jeffrey Fox filed his Complaint against Defendant Tuskegee University alleging violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 612. Doc. 1. Tuskegee filed a Motion to Dismiss (Doc. 9), and the Court issued an Order denying Tuskegee's motion, construing it as a Motion for a More Definite Statement, and requiring that Plaintiff replead his claims. Doc. 17. Plaintiff filed an Amended Complaint (Doc. 18), and Tuskegee filed the pending Motion to Dismiss (Doc. 19).[1] For the reasons set forth below, the undersigned recommends Defendant's motion be denied in part and granted in part.

**I.   BACKGROUND**

Upon review of Plaintiff's Complaint, the Court determined Plaintiff failed to state a claim for age discrimination and retaliation. *See* Doc. 17. First, the Court explained that Plaintiff failed to state a claim for age discrimination because his Complaint "lacks

---

[1] Plaintiff filed a response titled "Plaintiff Plea to not dismiss the case," Doc. 21, and Defendant filed a reply brief, Doc. 22.

sufficient factual support [showing] . . . that a substantially younger person replaced him as Tuskegee's French professor." *Id.* at 6. Second, the Court described the insufficiencies in Plaintiff's retaliation claim: Plaintiff failed to "establish a causal connection between the protected activity and the subsequent adverse employment action[,]" because Plaintiff's Complaint showed Tuskegee contemplated nonrenewal before Plaintiff filed a formal HR complaint. *Id.* at 9. The Court also informed Plaintiff his Complaint did not "plead sufficient facts to establish a close[] temporal connection[]" because "[o]ver two years elapsed between the statutorily protected activity and the alleged adverse action." *Id.* at 10.

## II.  DISCUSSION

Plaintiff was a French professor at Tuskegee beginning in 2018, and he continued in that capacity until 2021. Doc. 18 at ¶¶ 9, 21. On March 4 and 11, 2019, Tuskegee informed Plaintiff that his contract would not be renewed; he received, on May 27, 2021, a hand-delivered letter confirming this nonrenewal would take effect on May 30, 2021. Doc. 18 at ¶¶ 12, 21 Plaintiff alleges Tuskegee subjected him to age discrimination and that the nonrenewal was retaliation for his complaints of discrimination.

### A.   Count I of Plaintiff's Amended Complaint states a claim for age discrimination.

"To make a prima facie case of age discrimination, the employee must show (1) he was a member of the protected group between the age of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015)

2

(citing *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012)); *Keller v. Hyundai Motor Mfg.*, 513 F. Supp. 3d 1324, 1332 (M.D. Ala. 2021) (citation omitted). The Amended Complaint satisfactorily pleads the first, second, and fourth elements of age discrimination under the ADEA. Doc. 18 at 2–8. But Plaintiff must also plausibly plead the third element—that a substantially younger person filled the position from which he was discharged. *Liebman*, 808 F.3d at 1298 (citing *Kragor*, 702 F.3d at 1308); *Keller*, 513 F. Supp. 3d at 1332. Tuskegee argues Plaintiff's Amended Complaint fails to show (1) a substantially younger person (2) filled the position from which Plaintiff was discharged. Doc. 19 at 7–9. The Court disagrees.

First, Plaintiff's Amended Complaint establishes his purported replacement is substantially younger than him. The Amended Complaint states Plaintiff is 68 years old and was replaced by 55 year old Elizabeth Appleby. Doc. 18 at 7. Assuming Plaintiff's factual allegations are true, as is required at this stage, Ms. Appleby is thirteen years Plaintiff's junior. This age gap establishes Plaintiff's replacement was substantially younger than him. *See Carter v. DecisionOne Corp. Through C.T. Corp. Sys.*, 122 F.3d 997, 1003 (11th Cir. 1997) (replacement who was three years younger than plaintiff was substantially younger) (citing *Carter v. City of Miami*, 870 F.2d 578, 582–83 (11th Cir. 1989)); *Phillips v. Aaron Rents, Inc.*, 262 F. App'x 202, 209 n.3 (11th Cir. 2008) (replacement who was less than 10 years younger than plaintiff was substantially younger than him) (citation omitted).

Yet, Tuskegee argues, "Nothing in the Amended Complaint permits the Court to 'reasonably infer' that a 'substantially younger person' filled Plaintiff's former position"

3

because "Plaintiff only pleads the alleged comparator's name and age [but] Plaintiff does not plead that the alleged comparator is 'substantially younger[.]'" Doc. 19 at 8. Plaintiff's Amended Complaint provides the necessary details: "Tuskegee . . . promptly replaced the soon to be 69 year-old Plaintiff with 55-year old Elizabeth Appleby[.]" Doc. 18 at 7. From this, the Court can reasonably infer Plaintiff's replacement was 13 years younger than him. While Plaintiff did not explicitly use the phrase "substantially younger," he has provided enough information to satisfy this pleading requirement, especially in light of his pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (courts hold pro se litigants' allegations to a more lenient standard than attorneys). Tuskegee's reliance on *Washington v. Russell County Board of Education* is unpersuasive. *See* Doc. 19 at 8. Unlike *Washington* where the plaintiff presented "no allegations . . . respecting who filled [his] position," No 3:15CV942-WKW-WC, 2017 WL 8131474, at *8 (M.D. Ala. Sept. 1, 2017), Plaintiff provided his age and his replacement's age. *See* Doc. 18 at 7.

Second, Plaintiff's Amended Complaint establishes Ms. Appleby filled the position from which he was discharged. Tuskegee argues, "[a]t no point does Plaintiff plead that the alleged comparator filled Plaintiff's position as Non-Tenure Track Assistant Professor or that this individual teaches French at Tuskegee University." Doc. 19 at 8. Plaintiff's allegation that "Tuskegee University also promptly replaced the soon to be 69 year-old Plaintiff with 55-year old Elizabeth Appleby" (Doc. 18 at 7) allows the Court to reasonably infer at this stage that Ms. Appleby was hired to fill Plaintiff's position. Further specificity that Ms. Appleby filled his position as the "Non-Tenure Track Assistant [French] Professor" as Tuskegee argues, is not required to *plead* the claim, especially given that

4

Plaintiff proceeds pro se. *See Haines*, 404 U.S. at 520. Accordingly, Plaintiff has made a prima facie showing of age discrimination, and Defendant's Motion to Dismiss as to Count I of Plaintiff's Amended Complaint is due to be denied.

> **B.  Count II of Plaintiff's Amended Complaint Fails to State a Claim for Retaliation.**

"To establish a prima facie case of retaliation, a plaintiff must demonstrate: (1) [he] engaged in statutorily protected activity; (2) [he] suffered a materially adverse employment action; and (3) there was a causal link between the two." *Shumate v. Selma City Bd. of Educ.*, 581 F. App'x 740, 743 (11th Cir. 2014) (citing *Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849, 856 (11th Cir. 2010)); *Hariston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). Plaintiff's Amended Complaint pleads the first two required elements, but causation is lacking.

The causation element is not satisfied where the employer contemplated an adverse employment action before the employee engaged in the protected activity. *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) (plaintiff could not prove causation where employer considered demoting him before complaining of FMLA interference); *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1232 (11th Cir. 2006) (plaintiff failed to establish causation because employer contemplated reducing plaintiff's hours before incident of harassment) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001)). Plaintiff's Amended Complaint fails to satisfy the third element because he has not established the necessary causal connection or temporal proximity.

5

### 1.   Plaintiff has not pleaded facts establishing the causal connection.

The Amended Complaint establishes the following timeline: On March 4 and 11, 2019, Plaintiff was informed Tuskegee planned not to renew his contract. Doc. 18 at ¶ 12. On May 27, 2021, Tuskegee confirmed by letter Plaintiff's nonrenewal making May 30, 2021 the last day of his appointment. Doc. 18 at ¶ 21. Thus, Plaintiff must show he engaged in protected activity *prior to* March 4, 2019—the date Plaintiff first learned Tuskegee might not renew his appointment. *See Drago*, 453 F.3d at 1308; *Cotton*, 434 F.3d at 1232 (citing *Breeden*, 532 U.S. at 272). On this point, Plaintiff pleads a vague sequence of events.

> For example, paragraph 11 states:
>
> [I]n December 2018 during a Christmas event, [Dr. Prakash], the Dean of the College of Arts and Sciences, shook hands with Plaintiff and represented to Plaintiff he would work as Tuskegee University's French professor for an additional 20 years. Plaintiff relied upon that reassurance, because ageist comments by HR about his PhD had convinced him his job was in jeopardy, **and he had formally complained to HR.**

Doc. 18 at 3 (emphasis in original). While paragraph 11 provides the approximate date Dr. Prakash represented to Plaintiff that Tuskegee would employ him for 20 years, it provides no context for when Plaintiff actually complained to HR. Without more details, the Court cannot conclude the HR complaint preceded March 4, 2019.

Similarly, paragraph 12 states, "[O]n March 14[], 2019, in the 3 pm hour, Plaintiff complained *once again* to HR, orally and submitted a written complaint with Tuskegee University Human Resources alleging age discrimination." *Id.* at 4 (emphasis added).

While this statement indicates Plaintiff complained to HR prior to March 14, 2019, it is still devoid of any details showing he did so before March 4, 2019.

The Amended Complaint makes several other vague assertions that fail to nudge the claim forward: paragraph 17 states, "in very early July [2019]" Plaintiff "met with the Provost . . . repeating the ageist remarks"; paragraph 19 states, "Plaintiff continued to formally complain to HR **throughout the 3 years**"; and paragraph 20 states, Plaintiff "formally complained to HR about being a victim of ageism again throughout the winter 2021, until March 31, 2021 in point of fact." *Id.* at 5–6 (emphasis in original). Further, none of the documents attached to the Amended Complaint establish that Plaintiff engaged in protected activity prior to March 4, 2019. *See Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) ("Under Rule 10(c) Federal Rules of Civil Procedure, . . . attachments [to a complaint] are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion.") (citations omitted); *Muncher v. NCR Corp.*, No. 2:16-CV-782-VEH, 2017 WL 2774805, at 3 n.2 (N.D. Ala. June 27, 2017) ("Attachments to a complaint are properly considered in ruling on a motion to dismiss made pursuant to Rule 12(b)(6)[.]") (citing *Halmos v. Bomardier Aerospace Corp.*, 505 F. App'x 376, 377 (11th Cir. 2010)). Those attachments are documents purporting to be Plaintiff's complaint to HR on March 14, 2019 (Doc. 18-1 at 6), complaint to the Provost on July 2, 2019 (Docs. 18-1 at 6–7, 18-2 at 3), and complaint to both HR and the Provost on March 1, 2021, Doc. 18-3 at 1. The Amended Complaint does not establish that Plaintiff engaged in protected activity prior to March 4, 2019.

7

However, in his response to Defendant's Motion to Dismiss, Doc. 21, Plaintiff states he "complained about agism to Tuskegee HR as early as October and November 2018[.]" Doc. 21 at 2; *see also id.* at 6. Despite the Court's explanation as to properly pleading causation, *see* Doc. 17, this belated (and still somewhat vague) factual allegation was not asserted in Plaintiff's Amended Complaint. It was raised for the first time in his response to Defendant's Motion to Dismiss. *See* Docs. 18, 21. Plaintiff cannot amend his pleading through his response brief. *See Taylor v. JP Morgan Chase Bank, N.A.*, No. 7:17-CV-708-LSC, 2017 WL 5969818, at *3 (N.D. Ala. Dec. 1, 2017) (it is improper to include new factual allegations in plaintiff's opposition to motion to dismiss because "[a] plaintiff cannot amend [his] complaint through a response to a motion to dismiss.") (citing *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015)). Thus, Plaintiff has not established he engaged in protected activity before March 4, 2019. Nevertheless, if he could, for the reasons discussed below, he has still failed to satisfy the causation element.

### 2. Plaintiff has not established a very close temporal proximity.

Establishing a causal connection also requires the plaintiff show a "very close" temporal proximity between the statutorily protected activity and the materially adverse action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). In this circuit, "periods generally in excess of one month have been held insufficient to meet that burden." *Hawthorne v. City of Prattville*, No. 2:19-CV-139-RAH, 2020 WL 5880135, at *18 (M.D. Ala. Oct. 2, 2020) (citations omitted). In fact, courts have refused to find sufficient proximity where the temporal gap is three to four months, *Thomas*, 506 F.3d at 1364 (citing *Breeden*, 532 U.S. at 273), three

8

months, *Drago*, 453 F.3d at 1308 (citing *Wascura v. City of S. Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001)), or even two months, *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229 (11th Cir. 2011).

Plaintiff must show a very close temporal connection between a time when he engaged in protected activity and the materially adverse employment action taken. Here, the adverse action was not implemented until May 27, 2021[2] when Plaintiff was given formal notice his appointment was nonrenewed. Based on the allegations of the Amended Complaint, Plaintiff's first complaint to HR was on March 14, 2019. Docs. 18 at 4, 18-1 at 6. The Court previously concluded the temporal proximity between Plaintiff's March 14, 2019 HR complaint and the May 27, 2021 adverse action is too great to be actionable. Doc. 17 at 10–11. Plaintiff's Amended Complaint fails to effectively address this gap.

The allegations Plaintiff has added with the amended pleading are too vague to establish the necessary temporal proximity. For example, Plaintiff states he "continued to formally complain to HR throughout the 3 years" and "throughout the winter 2021, until March 31, 2021[.]" Doc. 18 at 5–6. Without any specific dates on which Plaintiff engaged in protected activity or details giving context of the complaints in time, these general allegations are insufficient to establish a very close temporal proximity to the challenged action.

---

[2] The parties disagree as to whether the materially adverse action occurred when Plaintiff received the termination letter on May 27, 2021, or when Plaintiff's appointment expired on May 30, 2021. *Compare* Doc. 19 at 12 *with* Doc. 21 at 8 *and* Doc. 22 at 7. Plaintiff claims the materially adverse action occurred on May 27, 2021, and Tuskegee has argued both that May 30, 2021 and May 27, 2021 is the operative date. *See* Docs. 19 at 12, 21 at 8, and 22 at 7. The Court will treat May 27, 2021 as the date when the materially adverse action occurred for purposes of the motion to dismiss.

Plaintiff's Amended Complaint asserts that on July 2, 2019, he filed a complaint with HR and the Provost. Docs. 18 at 5, 18-1 at 6–7. However, the nearly two-year gap between July 2019 and May 2021 is too great to establish the requisite proximity. *See Hawthorne*, 2020 WL 5880135, at *18 (citations omitted); *Thomas*, 506 F.3d at 1364 (citing *Breeden*, 532 U.S. at 273); *Drago*, 453 F.3d at 1308 (citing *Wascura*, 257 F.3d at 1248); *Williams*, 441 F. App'x at 229.

Finally, Plaintiff's Amended Complaint attached as an exhibit a complaint he made to the Provost and HR dated March 1, 2021. Doc. 18-3 at 1. Exactly 87 days passed between March 1, 2021, and May 27, 2021—just three days shy of three months. In light of this circuit's precedent that two or three-month gaps are too remote to establish a very close proximity, *see Drago*, 453 F.3d at 1308 (citing *Wascura*, 257 F.3d at 1248); *Williams*, 441 F. App'x at 229, the Court finds Plaintiff's March 1, 2021 complaint is too remote from the May 27, 2021 adverse action to establish sufficient proximity. This is particularly so here given the early March 2019 notice to Plaintiff that this decision was already coming down the pike.

The Court thoroughly articulated the deficiencies with Plaintiff's initial Complaint, directing him to establish a causal connection and temporal proximity. *See* Doc. 17 at 8–12. Despite receiving additional time and direction to properly plead his claim, Plaintiff has failed to establish a prima facie case of retaliation. Accordingly, Defendant's Motion

to Dismiss as to Count II should be granted. *Shumate*, 581 F. App'x at 743 (citing *Dixon*, 627 F.3d at 856); *Hariston*, 9 F.3d at 919.[3]

### III. CONCLUSION

Accordingly, the Magistrate Judge recommends Defendant's Motion to Dismiss (Doc. 19) be DENIED as to Count I of Plaintiff's Amended Complaint and GRANTED as to Count II of Plaintiff's Amended Complaint.

It is further ORDERED that on or before **December 7, 2022**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

---

[3] Defendant presented three new arguments in its reply brief: (1) Plaintiff failed to show decision-makers' awareness of his protected conduct, (2) Plaintiff's "allegations give rise to a permissible inference of a lack of discriminatory motive on the part of the decision maker[,]" and (3) Plaintiff's exhibits are not central to his claims and are disputed as inauthentic. Because these arguments are raised for the first time in a reply brief, the Court cannot consider them. To do so would be unfair to Plaintiff, particularly in light of his pro se status. *See King v. Clarke County, Ala.*, No. CA 12-0312-CG-C, 2012 WL 5287040, at *7, n.2 (S.D. Ala. Sept. 27, 2012) ("This Court's consideration of the defendant's new arguments raised in reply would be entirely unfair to the pro se plaintiff") (citations omitted); *Wetherbee v. Southern Co.*, 423 F. App'x 933, 934 (11th Cir. 2011); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of November, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE