IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:22-cv-68-RAH |
| | ) | |
| TUSKEGEE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION and ORDER

Plaintiff Jeffrey Fox filed this *pro se* action bringing age discrimination and retaliation claims against Defendant Tuskegee University. (Doc. 1.) On April 24, 2024, Fox moved for summary judgment, and on May 28, 2024, Tuskegee filed its own motion for summary judgment. (Doc. 78; Doc. 84.) On September 25, 2024, the Magistrate Judge recommended that Tuskegee's motion for summary judgment be granted, and that Fox's motion be denied. (Doc. 105.) The Magistrate Judge specifically found that Tuskegee met its burden to show a legitimate nondiscriminatory reason for its actions and that Fox failed to rebut it. (*Id.*) On October 7, 2024, Fox filed his Objections to the Recommendation of the Magistrate Judge. (Doc. 107.) The Court has independently reviewed the file and reviewed, *de novo*, the Objections and Recommendation. *See* 28 U.S.C. § 636(b). Upon this Court's review and consideration of the arguments set forth in the Objections, and

for the reasons below, the Court agrees with the Magistrate Judge's findings and analysis.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's report and recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a report and recommendation is reviewed for clear error. *Id.*

## DISCUSSION

Fox objects to the Magistrate Judge's Report and Recommendation for two reasons. First, he argues that Tuskegee's nondiscriminatory reasons for his nonrenewal are merely a pretext. Second, he argues the harassment complaints against him are fabricated. The Court finds the Magistrate Judge engaged in the proper analysis of Tuskegee's reasons for Fox's nonrenewal and therefore correctly concluded that Fox failed to present sufficient evidence of age discrimination.

"A plaintiff can establish age discrimination through either direct or circumstantial evidence." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact . . . without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age . . . constitute direct evidence of discrimination." *Id.* at 582.

When evaluating age discrimination claims based on circumstantial evidence, courts use two approaches. These approaches are the *McDonnell Douglas* framework and the convincing mosaic standard. *"McDonnell Douglas* and the 'convincing mosaic standard' are two ways to approach the same question: whether the plaintiff has put forward enough evidence for a reasonable jury to conclude that illegal discrimination occurred." *McCreight v. AuburnBank*, 117 F.4th 1322, 1334 (11th Cir. 2024). The Eleventh Circuit has stated that "the *McDonnell Douglas*

framework and the convincing mosaic approach are two paths to the same destination—the ordinary summary judgment standard." *Id.* at 1335.

The first approach, the *McDonnell Douglas* framework, is a burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this framework, a plaintiff must first establish a prima facie case of discrimination." *Sims*, 704 F.3d at 1332 (internal citations omitted).  After which the burden shifts and "the defendant must articulate a legitimate, non-discriminatory reason for the challenged employment action. If the defendant articulates one or more such reasons, the plaintiff is afforded an opportunity to show that the employer's stated reason is a pretext for discrimination." *Id.* (internal citations omitted).  "The burden of persuasion always remains on the plaintiff in an ADEA case to proffer evidence sufficient to permit a reasonable fact finder to conclude that the discriminatory animus was the 'but-for' cause of the adverse employment action."  *Id.* (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)).

The second approach is the convincing mosaic standard.  Under this approach, a plaintiff may also overcome a summary judgment motion by showing a convincing mosaic of enough circumstantial evidence for a reasonable juror to infer intentional discrimination.  *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946–47 (11th Cir. 2023) (en banc); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012).  The ultimate question is whether a reasonable jury could conclude

that illegal discrimination was the reason for the adverse employment action. *Tynes*, 88 F.4th at 946–47.  Probative evidence that a court may consider includes "among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Tynes*, 88 F.4th at 946 n.2 (quotation omitted)).

Assuming *arguendo,* as the Magistrate Judge did, that Fox established a prima facie case of age discrimination, Fox has not met his burden of showing that his age discrimination was the "but-for" cause of his nonrenewal.  The Court agrees with the Magistrate Judge's analysis that Tuskegee met its burden in articulating a legitimate nondiscriminatory reason for Fox's nonrenewal, namely his behavior and history of harassment. As a result, the burden of persuasion lies with Fox to demonstrate that Tuskegee's stated reason was a pretext for ageism.  *Sims*, 704 F.3d at 1332.

Fox objects to the Report and Recommendation, arguing that Tuskegee did not believe the staff-based and staff-based harassment complaints lodged against him and that Tuskegee fabricated the claims against him. (Doc. 107 at 1 ("This objection is being filed because I can prove definitively that Defendants do not believe these accusations against me to be true. . . . [T]hey fabricated the complaints against me . . . .").) As the Magistrate Judge discussed, whether Fox committed the

alleged harassment is irrelevant, so long as Tuskegee believed the alleged harassment occurred. (Doc. 105 at 12; *see Sweeney v. Ala. Alcoholic Beverage Control Bd.*, 117 F. Supp. 2d 1266, 1273 (M.D. Ala. 2000) ("[W]hether or not a plaintiff actually committed the work rule violations is immaterial on the issue of pretext. Rather, what is material is whether or not the employer believed the allegations to be true, not whether they were in fact true." (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)))).) Fox argues the Magistrate Judge erred because the evidence shows that Tuskegee did not believe the harassment complaints. To support this contention, Fox argues two points.

First, Fox argues that Tuskegee and Dean Parkash did not believe the harassment complaints because of a statement Dean Parkash allegedly made during their meeting in May. Fox claims Dean Parkash told him that "the [student harassment] videos may have been doctored." Fox argues this statement shows that Dean Parkash and Tuskegee did not believe the harassment complaints lodged against Fox were true. Even assuming *arguendo* that Dean Prakash *may* have questioned the validity of the videos, Tuskegee's proffered reasons for Fox's nonrenewal are also based on written and audio-recorded evidence of abuse of students, faculty, and staff in violation of Tuskegee's policy. (Doc. 85 at 5 (explaining that Fox's nonrenewal was because of "documented (in writing, on video, and in audio) verbally abusive behavior towards students and other faculty

6

and staff").)  There is nothing to show that these other proffered reasons forming the basis of Dr. Fox's non-renewal are pretextual.

Ultimately, Fox fails to produce sufficient evidence that Tuskegee or Dean Parkash did not believe the harassment complaints and used them as a pretext for his nonrenewal.  *Elrod*, 939 F.2d at 1471 ("Elrod may have convinced the jury that the allegations against him were untrue, but he certainly did not present evidence that [his employer's] asserted belief in those allegations was unworthy of credence."); (*see also* Doc. 85 at 5 ("[T]he sole reason and only factor [for Fox's nonrenewal] was his documented history of verbally abusive and aggressive behavior towards students, staff, and other faculty members at the University.").)

Second, Fox argues that Tuskegee fabricated the harassment complaints against him as a pretext for ageism and that Tuskegee has a long history of discrimination. To support this assertion, Fox cites *Crompton v. Tuskegee Univ.*, No. 14-cv-01189 (M.D. Ala. Dec. 2, 2014).  In that case, plaintiff Darryle Crompton was an attorney and tenured professor at Tuskegee University. His employment was terminated while he was under a five-year contract with Tuskegee.  Crompton brought several fraud, misrepresentation, and breach of contract claims against Tuskegee and received a jury verdict in his favor.  But crucially, Crompton did not bring an age discrimination claim, nor did his case involve any such claim.

Fox does not cite to a court opinion or order to show how *Crompton* supports a history of age discrimination at Tuskegee.  Rather, he points to a statement given by Crompton's attorney after the trial, which mentions Crompton's age.  Kent Faulk, *Jury: Tuskegee University must pay $2 million to its former lawyer*, AL (Feb. 13, 2017, 10:00 AM), https://www.al.com/news/birmingham/2017/02/jury_tuskegee_university_must.html.  Fox's reliance on *Crompton,* which was nearly seven years ago and did not involve age discrimination, cannot prevent summary judgment here.

Fox tries to support his fabrication argument by showing that he was a valued member at Tuskegee.  He points to a holiday letter that he received from Tuskegee's former president announcing her retirement and requesting donations. The letter was sent two years after Fox's nonrenewal and does not mention facts probative to this case. It merely thanks Fox for his previous donations, reflects on how donations are used, and requests more support. Simply put, the letter in no way reflects that Fox's nonrenewal was because of his age, rather than the reason given by Tuskegee. Thus, Fox has failed to show that Tuskegee's legitimate, nondiscriminatory reason for his nonrenewal were fabricated as a pretext for ageism.[1]

---

[1] Tuskegee also put forth several other reasons for Fox's nonrenewal, such as his failure to comply with government mandates related to Covid-19 and his behavior at graduation. However, this Court does not consider them for the same reasons the Magistrate Judge did not "because, per Tuskegee's Motion for Summary Judgment, the 'sole reason and only factor was the plaintiff's documented history of verbally abusive and aggressive behavior towards students, staff, and other faculty members.'" (Doc. 105 at 8 (quoting Doc. 87 at 23).)

For these reasons, the Court agrees with the Magistrate Judge's Report and Recommendation. Ultimately, the burden of persuasion lies with Fox, and he failed to meet that burden. *See Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981). Fox failed to produce sufficient evidence that Tuskegee's legitimate, nondiscriminatory reason for his nonrenewal was a pretext for age discrimination. *Sims,* 704 F.3d at 1332. He also failed to present a "'convincing mosaic' of circumstantial evidence . . . for a reasonable factfinder to infer intentional discrimination." *Tynes*, 88 F.4th at 946. Thus, the Court agrees with the Magistrate Judge's recommendation to grant summary judgment in favor of Defendant Tuskegee University.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1.    The Objections (Doc. 107) are **OVERRULED**.

2.    The Recommendation (Doc. 105) is **ADOPTED**.

3.    Defendant Tuskegee University's *Motion for Summary Judgment* (Doc. 84) is **GRANTED**.

4.    Plaintiff Jeffrey Fox's *Motion for Summary Judgment* (Doc. 78) is **DENIED**.

5.    This case is **DISMISSED WITH PREJUDICE**.

**DONE**, on this the 20th day of March 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE