IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION
)
)Dr. Jeffrey H. Fox
Plaintiff
) CASE NO. 3:22CV68
)
TUSKEGEE UNIVERSITY,
Defendant

RECEIVED
2025 JUN 12  P 12: 54
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**PROPOSAL TO SETTLE THE CASE FOLLOWING COURT APPEARANCE ORDER OF JUNE 25th**

Short Introduction

Begging the Court's indulgence, the issue here is that this is a-3 way situation, between the Court, and the Defendants and the plaintiff. The Court is involved because the defendants violated the April 3rd court order, possibly committing a felony by impeding an appeal, providing strong evidence that the verdict was not correct. I have introduced a motion to honor the late Mr. Jullian McPhillips. Mr. McPhillips provided the key to solving this case 30 years ago.

I was an Auburn professor, at AUM, and I was not continued. This case is the same circumstance. I had extensive conversations with Julian about challenging Auburn's decision. He tragically did not remember this, as his dementia was progressing. Poor Julian had provided the solution to us in this case, too. With a heavy heart, as Julian became a friend by giving me an introduction to the Law, and I have lost a friend through this terrible disease, I will explain it.

The University issued 3 contracts clearly not obligating them to renew them. They had the option. That is ironclad. Julian broached the concept of federal discrimination laws and the possibility that that overrides the contracts 30 years ago! But see, the University has the upper hand as they are not required to state a cause. It isn't a causal situation because of their holding an option, even if discrimination is presented to the EEOC. Their option isn't removable. It's inviolable.

Now bear with me. The defendants in this case went for causal dismissal. They didn't need to do that. They chose to do that, to try to win the case on merit. Well, the verdict doesn't address their motivation, it only assumes it. Now their actions post-verdict justify my accusations that they slandered me, defamed my character, willfully, and aggressively as a defamation of character. Just listen to the phone call and read their latest explanation to the Court. They did it to win an already winnable case.

They say they are really irritated by my continued attempts at reinstatement. They filed a motion to transform "plaintiff taxed with costs" into a *bill* of costs, when that is not stated explicitly. English teachers and lawyers agree that it means no reinstatement and financially, no more salary associated with reinstatement, including back pay. Then after the April 2nd motion, comes the evidence: they defied a court order.

What does this mean? Clearly, it means that they used the option, didn't renew, and decided to retaliate against the EEOC complaint and lawsuit by the slander. Their motivation wasn't apparent until now. Julian would say: limit their damage to be kind: simply dismiss the case without prejudice, based on their slander and their violation of your court order, and possible felonious attempts to block the long appellate process.

But that brings us to the 3-way trade. I can trade dropping the appeal, not refiling any new lawsuits, for discrimination or slander, or anything else, as well as dropping all the motions I filed. The Court can trade the verdict, amending it to dismissed without prejudice. The defendants are punished for violating a court order by changing the verdict, but they still win the case, and get a final end to any attempt at reinstatement.

Finally, the defendants should also be punished for slandering me. They would have won without that. They had the option anyway. So they can still win an NDA, an agreement to forego future reinstatement, and some of the other things they want, but

they have to pay for the slander. I propose the smallest possible university unit of payment as penalty: a semester, to be kind. They owe 24,000$ as half of the salary issued in 2021, with no interest, no adjustment, no back pay, for the pointless slander.

This is the proposed agreement. I'm calling it a 3-way trade:

3-way trade: Agreement to settle 322CV68

1. The Court punishes the defendants for violating the Court order of April 3rd by changing the verdict to dismissed without cause: all defendant motions are moot.
2. The plaintiff agrees not to file any new cases and agrees not to appeal, drops all his motions, and possible criminal referrals. They are all moot.
3. The defendants are punished for damaging the plaintiff's reputation in pursuit of a verdict they could probably win anyway (non-renewable contracts), and agree to pay the plaintiff a semester's salary (24,000$).
4. The Plaintiff agrees to an NDA, to no reinstatement now or ever.
5. The plaintiff also agrees to not pursue an appeal, or any new lawsuits against the defendants, such as slander, discrimination, etc., or any criminal complaints.
6. The Court enforces the agreement, and all sign on June 25th. So, all sides win, but also sacrifice a little. The Court gets: no motions to rule on and no new cases, sacrifices a verdict. The Defendants get, no reinstatement of the Plaintiff, now or in the future, no appeal, and no new lawsuits, plus a win on the Ageism case, but sacrifice the prejudice in the verdict, and pay a small amount for slander. The Plaintiff gets a semester's salary (24,000$), and a verdict change to dismissed without prejudice, but loses the Ageism case, and gives up his teaching position, his appeal, and any other case. – Thank you, Dr. Jeffrey H. Fox

*[signature]*
June 12, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

## CERTIFICATE OF SERVICE

I, DR. Jeffery II Fry, do hereby Certify that a true and correct copy of the foregoing has been furnished by U.S. Mail (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this 12th day of June 20 25 to:

Lisa Atkins / Kimberly Davis
Ogletree / Deakins
420 20th St North
Suite 1900
Birmingham AL
35203

June 12th 2025
Date

Signature: [signed] Jeffery Fry